# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 1:21-cv-12110-FDS <br><br> Hon. F. Dennis Saylor IV |

## PLAINTIFF'S OPPOSITION TO GOOGLE LLC'S
## **MOTION TO STAY**

ABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARDS | 3 |
| III. | ARGUMENT | 3 |
| | A.  GOOD CAUSE FOR A STAY DOES NOT EXIST IN THIS CASE | 3 |
| | B.  A STAY WOULD NOT BE REASONABLE IN THIS CASE | 6 |
| | C.  THE EQUITIES WEIGH AGAINST A STAY | 7 |
| IV. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

**Cases**

*Arbor Global Strategies LLC v. Samsung Elecs. Co.*,
    No. 2:19-cv-00333, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) .................................................. 7

*Clinton v. Jones*,
    520 U.S. 681 (1997) ................................................................................................................. 3

*Comcast Commc'ns Corp., LLC v. Finisar Corp.*,
    No. C 06-04206, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ................................................ 6

*Covidien LP v. Esch*,
    229 F. Supp. 3d 94 (D. Mass. 2017) ........................................................................................ 5

*In re Atlantic Pipe Corp.*,
    304 F.3d 135 (1st Cir. 2002) ..................................................................................................... 2

*Intellectual Ventures I LLC v. Toshiba Corp.*,
    No. CIV. 13-453, 2015 WL 3773779 (D. Del. May 15, 2015) ................................................ 5

*Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*,
    2016 WL 1735330 (D. Mass. Apr. 28, 2016) ........................................................................... 9

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ............................................................................................................ 1, 3

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
    2015 WL 11573771 (W.D. Tex. Jan. 5, 2021) ......................................................................... 9

*Personal Audio, LLC v. Google, Inc.*,
    No. 1:15-cv-00350, Dkt. No. 27 (E.D. Tex. Oct. 17, 2017) ..................................................... 1

*Pipe Restoration Techs., LLC v. Pipeline Restoration Plumbing, Inc.*,
    No. 13-00499, 2015 WL 13918253 (S.D. Cal. Feb. 13, 2015) ................................................ 6

*Promera Health LLC v. Vireo Sys., Inc.*,
    2016 WL 861215 (D. Mass. Jan. 14, 2016) ............................................................................. 3

*Realtime Data, LLC v. Rackspace US, Inc.*,
    6:16-cv-00961, 2017 WL 772654 (E.D. Tex. Feb. 27, 2017) .................................................. 3

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
    No. 2:15-cv-349, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) .............................................. 9

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
    330 F. Supp. 3d 574 (D. Mass. 2018) ...................................................................................... 6

*Solas OLED Ltd. v. Samsung Display Co. Ltd. et al.*,
   No. 2:21-cv-104-JRG, Dkt. No. 75 (E.D. Tex. Feb. 22, 2022) .................................................. 7

*Thakker v. United States*,
   389 F. Supp. 3d 160 (D. Mass. 2019) ..................................................................................... 3

*USC IP P'ship, L.P. v. Facebook, Inc.*,
   No.6:20-cv-555, 2021 WL 6201200  (W.D. Tex. Aug. 5, 2021) ............................................... 9

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this brief in opposition to the motion of defendant, Google LLC ("Google"), to stay this case pending resolution of *inter partes* review ("IPR") of different patents in a different case, namely *Singular I*. Google's motion should be denied.[1]

## I.   INTRODUCTION

District courts have the inherent power to control their dockets, including the power to grant a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Managing a court's docket, however, "calls for the exercise of judgment, which *must weigh competing interests and maintain an even balance*." *Id.* at 254-55 (italics added).  Staying this case pending IPR proceedings for different patents in a different case would favor only Google and would plainly disrupt "maintain[ing] an even balance" between the parties.[2]  Neither of the patents asserted by Singular in this case is the subject of a request for IPR by Google.  Moreover, for one of the two patents asserted in this case, any future IPR request from Google is likely to fail because that patent recently issued over the prior art cited by Google in the IPRs filed against the *Singular I* patents.  Moreover, none of the courts in the cases cited by Google stayed a case based upon IPR of different patents asserted in a different case.  Further, Google's size alone disposes of any

---

[1] All exhibits referenced herein are attached to the accompanying Declaration of Kevin Gannon.

[2] Google states that it only seeks a stay via this motion through the PTAB's Final Written Decisions ("FWDs") in the IPRs at issue in *Singular I*. *See* Google Br. at 1.  Based on its litigation history, however, Google will likely continue its efforts to halt this case (and *Singular I*) by filing another motion to stay pending appeal should the PTAB find in favor of Singular in one or more of the IPRs. *See*, *e.g.*, *Personal Audio, LLC v. Google, Inc.*, No. 1:15-cv-00350, Dkt. No. 27, at p. 3 (E.D. Tex. Oct. 17, 2017) (in which Google argued that "keeping the stay in place pending the appeals of the IPR decisions [finding certain claims patentable and others not] to the Federal Circuit will further simplify the case by avoiding duplication and potential conflict").

1

notion that Google could not readily continue to litigate this case while *Singular I* is stayed.[3]  As the First Circuit has stated, "it is trite but often true that justice delayed is justice denied," *In re Atlantic Pipe Corp.*, 304 F.3d 135, 147 (1st Cir. 2002).  Especially given the advanced age of Dr. Bates,[4] this adage would inevitably prove true here should the stay be entered.

In any event, the *Singular I* FWDs will provide little, if any, assistance to this Court regarding issues of claim construction.  Google did not request the PTAB to construe any claim term in any of the three IPRs in *Singular I*.  As a result, the PTAB stated in each IPR that it does not expect to construe any terms:

> Petitioner [Google] states that the terms of the challenged claims should be "given their ordinary and customary meaning as understood by a [person or ordinary skill in the art] in accordance with the specification and prosecution history," but does not propose any express constructions.
>
> \* \* \*
>
> We conclude that no terms require express construction at this time . . .

*See* Exs. B-D.  Thus, the *Singular I* IPRs will not assist this Court in claim construction.

In footnote 1, Google argues that granting a stay will allow the Court to defer deciding Google's simultaneously-filed motion to dismiss. *See* Google Br. at p. 2 n. 1.  To accept that argument would simply encourage patent case defendants to flood the court with strategically-filed companion motions to dismiss merely as a ruse to support their motions to stay.  Thus, Google's argument should be rejected.

Accordingly, and for the reasons set forth below, Google's motion to stay this case pending FWDs in the IPRs at issue in *Singular I* should be denied.

---

[3] For the third quarter of 2021 alone, Google's parent (Alphabet, Inc.) reported quarterly revenues in excess of $65 billion. *See* Ex. A.

[4] *See Singular I*, Dkt. No. 201-1 (Declaration of Joseph Bates), ¶ 11.

2

## II.   LEGAL STANDARDS

District courts have the inherent power to control their dockets, including the power to grant a stay. *Landis*, 299 U.S. at 254.  A decision whether to stay a case, *vel non*, lies within the sound discretion of the district court. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  How best to manage a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

The party seeking a stay bears the burden of showing that a delay in proceedings is appropriate. *Id.* at 255.  There is no rule in patent cases, however, that litigation must be stayed pending Patent Office proceedings. *See*, *e.g.*, *Realtime Data, LLC v. Rackspace US, Inc.*, 6:16-cv-00961, 2017 WL 772654, at *2 (E.D. Tex. Feb. 27, 2017).  Such a rule "would invite parties to unilaterally derail litigation." *Id.*  "Federal calendars should not be hijacked in this manner." *Id.*

## III.   ARGUMENT

On page 6 of its brief, Google states that (absent any IPR regarding the patents asserted herein) the three factors to be considered in resolving a motion to stay are: 1) does good cause exist for granting a stay; 2) would granting a stay be reasonable, and 3) do the competing equities weigh in favor of a stay. *See also Promera Health LLC v. Vireo Sys., Inc.*, 2016 WL 861215, at *5 (D. Mass. Jan. 14, 2016). Google bears the burden of showing that a stay of the case would be proper. *Thakker v. United States*, 389 F. Supp. 3d 160, 171 (D. Mass. 2019) (citing *Landis*, 299 U.S. at 255).  As set forth below, Google has not satisfied that burden in this case.

### A.   GOOD CAUSE FOR A STAY DOES NOT EXIST IN THIS CASE

Google argues that good cause exists for granting a stay of this case. Google Br. at 6-9. According to Google, "the nascent stage of the case means a brief stay is likely to benefit both

3

the parties and the Court by allowing them to obtain more information relating to whether and how the case should be coordinated with *Singular I*." *Id.* at 6.  A stay is not required to provide coordination between this case and *Singular I*.  Any coordination that may be desired can be addressed at the Case Management Conference.

Google cites five cases in support of its argument that a stay should issue due to the IPRs instituted for the *Singular I* patents. *See* Google Br. at 7-8.  None of the cases is on point with the facts of this case.  In each of those cases, unlike here, the asserted patents were subject to IPR or reexamination challenges.[5]  Moreover, in one case (*Am. GNC*), the plaintiff patent owner requested the (partial) stay.  In this case, neither of the asserted patents is subject to a request by Google (or anyone else) for IPR.  Thus, Google's cases are inapposite.  Moreover, as explained above, Google has not requested the PTAB to construe any claim terms in the *Singular I* IPRs.

Google argues that good cause also exists because there is a "close relationship between the *Singular I* and *Singular II* patents". *Id.* at 6.  This argument is directly contradicted by Google's arguments in support of its pending Rule 12(b)(6) Motion to Dismiss in this case (Dkt. No. 15).  In that Motion, Google argues, *inter alia*, as follows:

> The new claims Singular now asserts contain no limitation directed to the amount of error in outputs as in the previously asserted claims, thus abandoning altogether the purportedly key inventive feature of error and materially inaccurate results.

*Id.* at 1.

> The claims in the newly asserted patents abandon that purported point of novelty, however, and include no limitation directed to error.  Instead, the new claims are drawn to a processing element that uses a floating-point number format with maximum mantissa size and a minimum exponent size, along with other physical limitations directed to the processing elements, including requirements of "local" memory plus an input-output unit that provides connectivity between the host computer and the processing element(s).

---

[5] In *Irwin*, both asserted patents were challenged.  In *ACQIS*, *Cooper*, *Am. GNC* and *Finjan*, two asserted patents were challenged.

4

*Id.* at 4 (footnote omitted).  Thus, Google's argument that good cause exists for granting a stay due to a purported "close relationship" between the patents should be rejected in view of the contrary arguments it has made to this Court in its Motion to Dismiss. *See*, *e.g.*, *Covidien LP v. Esch*, 229 F. Supp. 3d 94, 99 (D. Mass. 2017) ("defendant's argument is compromised by contradictory statements in his written memorandum").

In the final paragraph of its good cause argument, Google improbably asserts that a stay "may encourage settlement" and reduce the cost of litigation. Google Br. at 9.  Google's arguments should be rejected.  As to settlement, the Complaint herein describes in detail Singular's years of pre-litigation efforts to license its patented technology to Google. *See* Complaint (Dkt. No. 1) at ¶¶ 67-87.  All of those efforts were to no avail.  Instead of accepting a license, Google simply took the technology disclosed to it by Singular (under a Non-Disclosure Agreement) and is using it without Singular's authorization and without paying a cent in license fees, all the while saving itself billions of dollars by avoiding the cost of building new data centers. *See id.* at ¶¶ 88-92.  Moreover, the *Singular I* case has now been pending for over two years, yet Google still refuses to take a license from Singular.  Given this history, Google's argument that a stay may promote settlement should be rejected and the case schedule set, including a date for trial. *See Intellectual Ventures I LLC v. Toshiba Corp.*, No. CIV. 13-453, 2015 WL 3773779, at *1 (D. Del. May 15, 2015) (disputes such as patent cases "are not generally reached without the motivating force of a firm trial date").  As to reducing litigation costs, that argument applies in any case where a stay is requested.  Singular stands ready to continue with the litigation and, with 2021 revenues in excess of $257 billion (*see* Ex. E), Google can well afford to continue with its defense in this case.  Thus, contrary to Google's argument, litigation costs are not a real issue in this case.

B.     A STAY WOULD NOT BE REASONABLE IN THIS CASE

On page 9, Google briefly argues that a stay pending the FWDs in *Singular I* would be reasonable. Singular disagrees. As Google has not filed for IPR of either of the patents asserted in this case, a stay of any duration would be unreasonable. To allow Google to obtain a stay absent an instituted IPR for the patents asserted in this case would effectively allow Google "to unilaterally derail the litigation." *See*, *e.g.*, *Pipe Restoration Techs., LLC v. Pipeline Restoration Plumbing, Inc.*, No. 13-00499, 2015 WL 13918253, at *1 (S.D. Cal. Feb. 13, 2015). As numerous courts have stated, "Federal court calendars should not be hijacked in this manner." *See id.* (quoting *Comcast Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007)).

Google also argues that a stay would be reasonable because the *Singular I* IPRs are for "closely related patents." Google Br. at 9. As explained above, however, Google asserts in its Motion to Dismiss that the claims asserted herein are very different from those asserted in *Singular I*. In addition, the only issue in the *Singular I* IPRs is invalidity for obviousness under 35 U.S.C. § 103, based upon several patents and printed publications. Google ignores the other numerous invalidity arguments that it will undoubtedly make in this case (as it has made in *Singular I*) that will not be addressed in the IPR proceedings. These include defenses Google asserted in *Singular I* that the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102 and 112. *See Singular I*, Dkt. No. 53 at p. 23. Pursuant to 35 U.S.C. § 311(b), the PTAB is precluded from addressing these additional invalidity defenses. *See also SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 603 (D. Mass. 2018). The assertion of such additional defenses that can only be resolved in this Court weighs against Google's argument that a stay pending the *Singular I* IPR proceedings will result in any great simplification of the issues. *See*,

6

*e.g.*, *Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00333, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021). Accordingly, a stay of this case in which neither of the asserted patents is subject to a request for IPR would not be reasonable.

C.     THE EQUITIES WEIGH AGAINST A STAY

Google argues that the equities favor a stay because Singular does not compete with Google and Singular has not requested a preliminary injunction. Google Br. at 9-10. In denying a motion to stay pending reexamination proceedings, Judge Rodney Gilstrap recently found such a lack of competition argument unpersuasive:

> [T]he Court finds Samsung's argument that Solas would suffer no unfair prejudice from a stay unpersuasive. Nor does Samsung's argument that a stay will not prejudice Solas because it does not compete with Samsung pass muster. As this Court has recognized, "[w]hile a delay in recovering money damages may not rise to the same level of prejudice as delaying entry of warranted injunctive relief, such is far from non-prejudicial."

*Solas OLED Ltd. v. Samsung Display Co. Ltd. et al.*, No. 2:21-cv-104-JRG, Dkt. No. 75, pp. 4-5 (E.D. Tex. Feb. 22, 2022) (*see* Ex. F).

Further, Google's lack of competition argument rings hollow in view of the history between Singular and Google. As explained in section III.A above, instead of taking a license from Singular, Google is using Singular's patented technology in Google's data centers throughout the United States without Singular's authorization. *See also* Complaint (Dkt. No. 1) at ¶¶ 15-17, 88-92. This allows Google to process massive amounts of data for its Artificial Intelligence services (such as Photos, Translate, Search, Assistant, Cloud and Gmail). *Id.* Thus, Singular cannot compete with Google because Google is already using (unlawfully) Singular's patented inventions. Furthermore, Google offers the use of the accused TPU products installed in its data centers to third-parties who pay Google a fee for such use. For example, the following

7

shows Google's fees for third-parties to use the accused TPU devices for a one- and three-year period:

Total cost for 1 year and 3 year commitments

The following table shows the total cost for various TPU commitments during their full duration:

Iowa (us-central1)

| TPU type (v2) | 1-year commitment cost | 3-year commitment cost |
|---|---|---|
| v2-32 | $132,451 total | $283,824 total |
| v2-128 | $529,805 total | $1,135,296 total |
| v2-256 | $1,059,610 total | $2,270,592 total |
| v2-512 | $2,119,219 total | $4,541,184 total |
| TPU type (v3) | 1-year commitment cost | 3-year commitment cost |
| v3-32 | Not available in this region | Not available in this region |
| v3-64 to v3-2048 | Contact sales to request pricing for these larger v3 TPU types. | |

*See* https://cloud.google.com/tpu/pricing.

Singular does not have the financial ability to build its own billion-dollar data center to compete with its own stolen technology being used in Google's data centers. Thus, Google's argument that Singular does not compete with Google should be rejected. The only reason that Singular does not currently compete in the marketplace with Google is because Google is unlawfully using Singular's patented technology on a massive scale in Google's data centers across the U.S.[6]

---

[6] Google operates at least 14 data centers in the U.S. *See* Complaint, ¶ 18 (citing www.google.com/about/datacenters/locations/).

As to injunctive relief, Google argues that "Singular has not sought a "preliminary" injunction here, further 'undermining [any] claim of undue prejudice.'" Google Br. at 10. But this third stay factor addresses the equities, rather than the stricter "undue prejudice" standard. Additionally, Singular's Complaint specifically alleges that it has been "irreparably harmed." *See* Complaint, ¶¶ 100, 116. In its Prayer for Relief, Singular specifically requests that the Court "enjoin Google's infringement." *Id.*, p. 35. Moreover, courts have recognized that the absence of a request for a preliminary injunction "does not amount to an admission by plaintiff that it will not be prejudiced by a stay" pending IPR proceedings. *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-cv-349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (denying stay); *see also USC IP P'ship, L.P. v. Facebook, Inc.*, No.6:20-cv-555, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021) (denying stay). Even if Singular had not requested injunctive relief in the Complaint, "'[a] patent holder has an interest in the timely enforcement of its patent right,' even when the patent holder has only sought monetary relief." *USC IP*, 2021 WL 6201200, at *2 (quoting *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2021)). Accordingly, the equities favor denying the stay and allowing Singular to continue to enforce the patents-in-suit against Google's infringement. This is particularly appropriate and equitable in this case where Google has not requested IPR for either of the patents-in-suit.

Leaving no stone unturned, Google also argues that Singular has been dilatory in this matter because it could have included the '616 patent in the *Singular I* case. Google Br. at 11. The sole case Google cites in support is *Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, 2016 WL 1735330 (D. Mass. Apr. 28, 2016). The delay addressed in *Irwin*, however, was the three month period between the filing and subsequent service of the Complaint. *See id.* at *5. In

9

this case, Singular filed the Complaint on December 22, 2021 (*see* Dkt. No. 1) and served a copy on Google the very same day (*see* Ex. G).  Thus, no such delay exists in this case.  Moreover the '775 patent did not issue until November 9, 2021 (*see* Ex. H), *i.e.* well after *Singular I* was stayed (on Google's motion) on June 10, 2021. *See Singular I* Dkt. No. 212.  Thus, the '775 patent could not have been included in the *Singular I* case.  The only party attempting to delay this litigation (as in *Singular I*) is Google via its motion to stay.[7]

## IV.    CONCLUSION

For the reasons set forth above, Singular respectfully requests that the Court deny Google's motion to stay.

---

[7] Google categorically denies that there is "any risk" of evidence being lost during a stay. Google Br. at 11.  As Singular pointed out in its opposition to Google's renewed motion to stay in *Singular I*, however, Google's deposition witnesses in *Singular I* have already had trouble remembering key facts relevant to the development of the accused products and the history between the parties. *See* Singular's (Sealed) Opposition in *Singular I* to Google's Renewed Motion to Stay, *Singular I*, Dkt. No. 201, pp. 14-15.  Thus, Google's argument that there is no risk of evidence being lost is incorrect.

| | |
|---|---|
| Dated: March 11, 2022 | Respectfully submitted, |
| | */s/ Paul J. Hayes* |
| | Paul J. Hayes (BBO #227000) |
| | Matthew D. Vella (BBO #660171) |
| | Kevin Gannon (BBO #640931) |
| | Brian M. Seeve (BBO #670455) |
| | Daniel McGonagle (BBO #690084) |
| | **PRINCE LOBEL TYE LLP** |
| | One International Place, Suite 3700 |
| | Boston, MA 02110 |
| | Tel: (617) 456-8000 |
| | Fax: (617) 456-8100 |
| | Email: phayes@princelobel.com |
| | Email: mvella@princelobel.com |
| | Email: kgannon@princelobel.com |
| | Email: bseeve@princelobel.com |
| | Email: dmcgonagle@princelobel.com |
| | |
| | ATTORNEYS FOR THE PLAINTIFF |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Paul J. Hayes*