# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG DISPLAY CO., LTD.; <br> SAMSUNG ELECTRONICS CO., LTD.; <br> SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | § § § § § § § § § § § § § § §   CIVIL ACTION NO. 2:21-CV-00104-JRG |

## ORDER

Before the Court is Defendants' Motion to Stay Proceedings Pending *Ex Parte* Reexamination (the "Motion to Stay") filed by Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung"). (Dkt. No. 45). Having considered the Motion to Stay and the subsequent briefing, the Court finds that the Motion to Stay should be and hereby is **DENIED**.

I. **BACKGROUND**

On March 22, 2021, Plaintiff Solas OLED Ltd. ("Solas") filed a Complaint against Samsung Display Co., Ltd., alleging infringement of U.S. Patent Nos. 7,499,042 (the "'042 Patent"); 7,663,615 (the "'615 Patent"); 7,446,338 (the "'338 Patent"); and 6,072,450 (the "'450 Patent"). (Dkt. No. 1). On April 6, 2021, Solas filed an Amended Complaint withdrawing its claim

of infringement as to the '450 Patent and naming Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. as additional defendants. (Dkt. No. 9).[1]

On August 23, 2021, Defendant Samsung Display Co., Ltd. filed a request for *ex parte* reexamination ("EPR") with the U.S. Patent and Trademark Office ("PTO") for claims 1–6 and 10–11 of the '042 Patent. (Dkt. No. 45 at 5). On August 25, Samsung Display Co., Ltd. filed a request for EPR of claims 11–13 of the '615 Patent. (*Id.*). The PTO instituted EPR of all requested claims with respect to the '042 and '615 Patents on September 8, 2021 and October 7, 2021, respectively. (*Id.*). Solas's infringement contentions, served on September 20, 2021, confirmed that Solas is only asserting claims which are also challenged in the EPRs. (*Id.*).

In accordance with its standard practice, the Court has issued a Docket Control Order setting forth the comprehensive schedule in this case. (Dkt. No. 50). Under that Order, the *Markman* hearing is set for March 16, 2022 and trial is set for August 8, 2022.

## II.   LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). "How to best manage the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, 2021

---

[1] Solas has since represented that it will withdraw all of the claims in its Amended Complaint (Dkt. No. 9) directed to the '338 Patent. Thus, only the '042 and '615 Patents (collectively, the "Asserted Patents") remain in the case.

WL 121154, at *1 (E.D. Tex. Jan. 13, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). In considering a motion such as this, the Court undertakes its analysis by considering the practical realities and the unique facts and circumstances of each individual case. *Id.*

### III. DISCUSSION

Samsung argues that each of the *Soverain* factors weighs in favor of a stay. First, Samsung argues that Solas will not suffer any undue prejudice or tactical disadvantage from a stay because it "does not compete with [Samsung] or sell products that practice the Asserted Patents; rather, it is a nonpracticing entity." (Dkt. No. 45 at 7). Samsung further asserts that a stay may be of "modest duration," and "Solas can expedite the reexamination process by foregoing submitting any response to the PTO's reexamination orders." (*Id.*). Second, Samsung contends that a stay will likely result in simplification of the issues because, at a minimum, the pending EPRs are likely to result in cancelled or modified asserted claims. (*Id.* at 8–9) (citing *AGIS Software Dev. LLC v. Google LLC*, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021); *Ramot*, 2021 WL 121154). Finally, Samsung argues that the case is in an early stage and, at the time it filed the Motion to Stay, discovery had just begun and a Docket Control Order had not yet been entered. (Dkt. No. 45 at 9–10; Dkt. No. 57 at 7).

Solas responds that Samsung has attempted to create an unfair tactical advantage through its Motion to Stay and other litigation tactics. Solas identifies two cases filed in the Southern District of New York ("SDNY"), where Samsung entities are seeking declarations of non-infringement of the Asserted Patents. (Dkt. No. 55 at 5–6) (citing *Samsung Elecs. Co., Ltd. v. Solas Oled Ltd. et al.*, No. 1:21-cv-05205-LGS, Dkt. 1 (S.D.N.Y., June 10, 2021); *Samsung Display Co., Ltd. v. Solas Oled Ltd. et al.*, No. 1:21-cv-07201-LGS, Dkt. 1-4 (S.D.N.Y. Aug. 26, 2021)). Solas argues that Samsung is maintaining its declaratory judgment actions while "attempting to invoke a stay so that it can litigate the parties' dispute in its preferred forum (SDNY)." (Dkt. No. 55 at

6).[2] Further, Solas contends that it would be prejudiced by a stay because, as a patent owner, it "has an interest in timely enforcing its patents." (*Id.* at 10) (citing *Ramot*, 2021 WL 121154 at *5. According to Solas, this "inherent prejudice ... is exacerbated by Samsung waiting five months after the complaint was filed to request [EPR]." (Dkt. No. 55 at 10).

As to whether a stay is likely to simplify the issues, Solas asserts that Samsung's arguments are speculative because the PTO has not yet issued an Office Action in either of the EPRs. (*Id.* at 8). Solas further argues that simplification is unlikely because "all claims are canceled in reexamination only 10% of the time, and it is 'more than twice as likely that all claims will be confirmed.'" (*Id.* at 9) (citing *KIPB LLC v. Samsung Elecs. Co.*, 2019 WL 6173365, at *2 (E.D. Tex. Nov. 20, 2019)). Solas also argues that the final *Soverain* factor—the stage of the case—does not favor a stay because it has served its infringement contentions and the parties have engaged in substantial discovery. (Dkt. No. 55 at 12–13).

Having considered the *Soverain* factors and the particular facts and circumstances of this case, the Court declines to stay this action.

**Prejudice and Tactical Disadvantage**: The Court declines the parties' invitation to mediate the parties' strategic maneuvering with respect to litigation in this Court and the SDNY. The Court is not convinced that Samsung is attempting to use its Motion to Stay and declaratory judgment actions to gain an unfair tactical advantage, especially in light of Samsung's representation that it would agree to sever and stay its claims for declaratory judgment of non-infringement if this Court were to grant a stay. However, the Court finds Samsung's arguments that Solas would suffer no unfair prejudice from a stay unpersuasive. Nor does Samsung's argument that a stay will not prejudice Solas because it does not compete with Samsung pass muster. As this Court has

---

[2] On this point, Samsung replies that if the Court grants a stay pending EPR, it "would similarly agree to sever and stay [its] non-infringement DJ claims on [the Asserted Patents] in the SDNY." (Dkt. No. 57).

4

recognized, "[w]hile a delay in recovering money damages may not rise to the same level of prejudice as delaying entry of warranted injunctive relief, such is far from non-prejudicial." *Garrity Power Sers. LLC v. Samsung Elecs. Co. Ltd. et al.*, No. 2:20-CV-00269-JRG, Dkt. No. 227 at 4 n.1 (E.D. Tex. Dec. 10, 2021); *see also Intell. Ventures I LLC v. T Mobile USA, Inc.*, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive."). In addition, Samsung's argument that "Solas can expedite the reexamination process by foregoing submitting any response to the PTO's reexamination orders," (Dkt. No. 45 at 7), amounts to improper burden shifting. It is not Solas's responsibility to expedite the EPR process by foregoing its rights in that proceeding. As it stands, the average pendency of an EPR is 25.7 months.[3] The average EPR timeline—coupled with Samsung's decision to wait for five months after Solas brought this action to file its EPRs—would cause undue prejudice to Solas in the event of a stay. Accordingly, this factor weighs against a stay.

**Simplification of the Issues**: The Court is not persuaded by Samsung's assertion that a stay is likely to simplify the issues at trial. As of the filing of the Motion to Stay, the PTO had yet to issue any Office Actions. While it is possible that all challenged claims could be canceled by the PTO, it is also entirely possible that Solas overcomes any eventual rejections through argument or insubstantial amendments. Cases such as *Ramot* and *AGIS*—upon which Samsung relies—are distinguishable in this regard, having "progressed past the point of speculation" because Office Actions had already issued when the defendants filed their motions to stay. *Ramot*, 2021 WL 121154, at *2; *see also AGIS*, 2021 WL 465424, at *2. Additionally, those cases were decided during the early stages of an unprecedented global pandemic when the Court had suspended all

---

[3] *See Ex Parte* Historical Statistics, *available at*: https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf.

jury trials and other in-person proceedings. As such, *Ramot* and *AGIS* rested on unique facts and circumstances—including (due to the pandemic) the near certainty of a postponed trial. Those facts do not apply here. The Court declines to develop a *per se* rule that mere institution of an EPR results in a likelihood of simplification of the issues. *Longhorn HD LLC. v. NetScout Sys., Inc.*, 2022 WL 71652, at *3 (E.D. Tex. Jan. 6, 2022) ("Notwithstanding its prior decisions, including *Ramot* and *AGIS*, the Court has not adopted a bright-line rule that a stay will be granted because a single examiner at the PTO has initially rejected the claims at issue in an EPR."). The lack of statutory estoppel with respect to EPRs, which would prevent Samsung from asserting the same prior art references and grounds of invalidity at trial as it asserts in the EPRs, also cautions against a likelihood of simplification of the issues. *KIPB*, 2019 WL 6173365, at *2. Accordingly, this factor weighs against a stay.

**Stage of the Case**: The Court agrees with Samsung that the case is at a relatively early stage. When Samsung filed its Motion to Stay, the Court had not yet entered a Docket Control Order and discovery was in the early stages. Accordingly, this factor weighs in favor of a stay.

## IV.   CONCLUSION

Having considered the *Soverain* factors and based on the unique facts and circumstances of this case, Samsung's Motion to Stay (Dkt. No. 45) is **DENIED**.

**So ORDERED and SIGNED this 22nd day of February, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE