**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:21-cv-12110 FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | |
| GOOGLE LLC, | **Leave to File Granted March 15, 2022** |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S REPLY TO PLAINTIFF'S OPPOSITION**
**TO MOTION TO STAY**

Google has requested a short stay of this follow-on patent infringement action ("*Singular II*") until the PTAB issues its final written decisions in the IPR proceedings on the patents asserted in *Singular I*, which are expected by mid-May.[1] At this stage, the requested stay would be mere weeks in duration and would neither prejudice Singular nor tactically advantage Google, while enabling the Court and the parties to determine whether and how to coordinate the cases should any claims from the *Singular I* patents survive IPR. As explained in Google's opening brief, all of the relevant factors weigh in favor of a stay.

Singular does not—and cannot—dispute the key points favoring a stay. Singular concedes that the *Singular I* and *Singular II* patents are related (sharing a common title, inventor, and specification), FAC ¶ 112, and Singular does not dispute that its allegations in both cases accuse the same products and will draw on the same discovery. Singular similarly does not contest that the final written decisions in the IPR proceedings on the *Singular I* patents will affect how the parties proceed in this case. Instead, Singular's opposition focuses on invective and merits arguments that have nothing to do with the straightforward case management issue before the Court. Here, the relevant inquiry is the duration of the stay, whether good cause exists to warrant it, and whether the equities counsel against it. *See Promera Health, LLC v. Vireo Sys., Inc.*, No. 15-CV-12888-NMG, 2016 WL 861215, at *5 (D. Mass. Jan. 14, 2016). All three factors weigh in favor of granting the stay, which will allow the Court and the parties to make informed decisions about whether and how *Singular I* and *Singular II* should be coordinated, conserving judicial and party resources, time, and energy. For the reasons discussed herein and in Google's opening brief, Google's motion should be granted.

---

[1] "*Singular I*" refers to *Singular Computing LLC v. Google LLC*, No. 19-cv-12551-FDS (D. Mass. filed Dec. 20, 2019). Capitalized terms used herein have the same meanings as in Google's opening brief unless otherwise indicated.

I.     **ARGUMENT**

A.     **The requested stay is reasonable in duration.**

Google's February 11 Motion to Stay requested the Court briefly stay this case pending the PTAB's final written decisions on the *Singular I* patents, which are expected by May 12-14, 2022. Google moved to dismiss Singular's complaint under Rule 12(b)(6) the same day. Singular requested, and Google did not oppose, an additional 14 days to respond to Google's motions. *See* ECF No. 37. In so doing, Singular represented to the Court that an extension would "***not cause a material delay*** in this action and ***no party will be prejudiced***." ECF Nos. 37, 38. The Court granted Singular's request, extending Singular's time to respond to Google's motions to March 11, 2022. *See* ECF No. 42.

On March 9, Singular approached Google with another request: that Google consent to Singular's filing of an amended complaint without leave of Court, as Singular's deadline to amend as a matter of course had already passed. Google agreed. *See* ECF No. 44. The parties further stipulated that Google shall have 30 days—or until April 11, 2022—to respond to the Amended Complaint. *Id.*

Google's April 11 deadline to respond to the Amended Complaint falls approximately one month before the expected issuance of the final written decisions in the IPR proceedings on the *Singular I* patents. Thus, as a practical matter, granting Google's requested stay would be unlikely to do more than result in a brief postponement of the initial case management conference. Singular fails to explain how such a short stay, keyed to the resolution of IPR proceedings on related patents, is unreasonable. *See DiversiTech Corp. v. RectorSeal*, No. CV 20-11896-NMG, 2021 WL 2953324, at *3 (D. Mass. July 14, 2021) (characterizing as "brief" a seven-month stay of patent suit based on pre-institution IPR petitions); *NST Glob. LLC, v. SIG*

*Sauer Inc.*, No. 19-CV-792-PB, 2020 WL 1429643, at *4 (D.N.H. Mar. 24, 2020) (characterizing

four-month stay based on pre-institution IPR petitions as a "relatively brief pause"). In fact,

Singular's own requests for extensions and relief from case deadlines—to which Google

promptly agreed—belie its baseless contention that "a stay of any duration would be

unreasonable."  ECF No. 46 ("Opp.") at 6. This factor weighs strongly in favor of a stay, and

Singular has not shown otherwise.

### B.        Good cause exists for a stay.

Good cause for a stay exists where, as here, a brief stay would save the Court and the

parties from potentially needless expenditure of time, energy, and effort. *See, e.g.*, *Aplix IP

Holdings Corp. v. Sony Computer Ent., Inc.*, 137 F. Supp. 3d 3, 5-6 (D. Mass. 2015). This case is

in its early stages: Singular just filed an amended complaint, Google has yet to file an answer,

and the Court has not held a case management conference or set a schedule. *See ACQIS, LLC v.

EMC Corp.*, 109 F. Supp. 3d 352, 356 (D. Mass. 2015) ("The earlier the stage of proceedings,

the greater the reason to grant a stay."). A brief stay would not adversely impact any existing

case deadlines, a fact that Singular fails to grapple with entirely (despite its willingness to agree

to move any deadlines for its own benefit).

Singular does not dispute—and therefore concedes—that the *Singular I* and *Singular II*

patents are closely related, or that its allegations in this case draw on the same factual allegations

as *Singular I*, target the same products accused in *Singular I*, or will draw on much of the same

discovery.[2] *See Finjan, Inc. v. FireEye, Inc*., No. C 13-03133 SBA, 2014 WL 2465267, at *4

(N.D. Cal. June 2, 2014) (staying case pending USPTO reexamination of a minority subset of

---

[2] As Google's opening brief explained, the *Singular II* patents issued from the continuation
applications of the *Singular I* patents, and bear the same title, name the sole inventor, and have
the same specification. Mot. at 2-3.

asserted patents because the patents-in-suit "share a common ancestry, Plaintiff has accused the same products of infringing all of the patents-in-suit, and there are overlapping inventors"). Nor does Singular dispute that courts, including in this District, routinely stay patent infringement suits pending the outcome of IPR proceedings for related patents. *See, e.g., ACQIS,* 109 F. Supp. 3d at 356-59; *see also* ECF No. 13 ("Mot.") at 6-7 (listing other cases). Google has demonstrated ample good cause in support of a stay, and Singular's arguments to the contrary are without merit.

*First*, Singular contends that Google's authority is "inapposite" because neither of the asserted patents in *Singular II* is subject to a petition to institute IPR proceedings.  Opp. at 4. That argument misses the point. Although Singular refers to *Singular I* and *Singular II* as separate and distinct proceedings, Singular alone brought about that difference. Singular does not refute that if it had asserted the *Singular I* and *Singular II* patents in a single case, the Court's stay pending the outcome of the IPR proceedings would have extended to all of the asserted patents, given their close relationship. As Google noted in its opening brief, "there is no reason Singular could not have asserted the '616 patent, one of the two asserted here, in *Singular I*."[3] Mot. at 8. In attempting to explain why it did not "include[] the '616 patent in the *Singular I* case," Singular provides only the following non sequitur: "In this case, Singular filed the Complaint on December 22, 2021 . . . and served a copy on Google the very same day. Thus, no such delay exists." Opp. at 9-10. Singular provides no explanation for why it waited **sixteen months** to file this suit as to the '616 patent instead of seeking leave to amend in *Singular I*; to the contrary, the *Singular II* complaint alleges willful infringement because "Singular's

---

[3] "The '616 patent issued on August 25, 2020—just a few months after Singular filed its FAC in *Singular I*, before it served infringement contentions in *Singular I*, and well over a year before filing its complaint in this case." Mot. at 8.

Infringement Contentions served in [*Singular I*] involving **patents related to** the '616 patent"
created a "high probability" that Google was aware of the alleged infringement. ECF No. 45
("FAC") ¶ 112. Given that the two cases involve the same parties, the same accused products,
and patents Singular concedes are "related," Singular cannot rely on its choice to file separate
suits to manufacture a distinction between the proceedings. The Court need not blind itself to
Singular's inconsistencies, which will lead to the needless waste of judicial and party resources if
not carefully managed.

*Second*, the principles and concerns underlying the cases Google relies upon apply with
equal force here, because the patents, parties, and accused products are related regardless of
Singular's decision to file two separate infringement suits. In *ACQIS*, the court stayed an 11-
patent suit while two patents were subject to IPR, due to "significant overlap," including "similar
specifications" and the same "key inventive aspect," as shown by the PTO "requiring [Plaintiff]
to file terminal disclaimers." 109 F. Supp. 3d at 357-58. As explained in Google's opening brief,
one of the principal reasons Congress created IPR proceedings was to allow the PTAB to give
courts "the benefit of the expert agency's full and focused consideration of the effect of prior
art." *DiversiTech,* 2021 WL 2953324, at *2. Here, Singular does not truly dispute that the issues
may be simplified as to the patents in both cases, or that—at the very least—the PTAB's final
written decisions may impact whether and how *Singular I* and *Singular II* should be
coordinated.[4]

---

[4] Moreover, when "there is significant overlap among the products accused of infringing . . .
patents" that are related, "there is also likely to be significant overlap among the percipient
witnesses on both sides who will discuss the design, development, marketing, and sales of those
products," including "complications in analyzing damages." *Telebrands Corp. v. Seasonal
Specialties, LLC*, No. 17-CV-4161 (WMW/HB), 2018 WL 1027452, at *5 (D. Minn. Feb. 23,
2018) (granting stay when a subset of related patents was under review).  Given that Singular
accuses the same products in both cases and is not entitled to double recovery, the concerns

***Finally***, Singular argues that Google's motion to dismiss contradicts its argument here that the patents in both cases have a close relationship. Not so. Google's motion to dismiss identified that the *Singular II* patents' *claims* abandoned the purportedly key inventive features of the *Singular I* patents' claims. Singular's contradictory assertions about the purported novelty of the *claims* does not mean the patents are not closely related (they are) or that there is not overlap between the accused products (there is) or that the Court and the parties would not benefit from the requested stay (they would).[5] This factor, too, weighs in favor of a stay.

### C.   The competing equities do not counsel against, and actually favor, a stay.

The competing equities also counsel in favor of a stay, which would benefit the Court and the parties and not prejudice Singular in any way. As Singular argued just last month, brief relief from case deadlines will "not cause a material delay in this action and no party will be prejudiced." Singular's February 23, 2022 Motions for Extension of Time, ECF Nos. 37, 38. Even a minor delay of "the final resolution of the dispute," would not, "by itself, establish undue prejudice." *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. CV 13-12418-DJC, 2014 WL 4804738, at *9 (D. Mass. Sept. 25, 2014). Singular provides no explanation for why a brief stay would impact its "interest in timely enforcement of its patent right," Opp. at 9, especially in light of Singular's own lack of urgency in filing and pursuing this litigation. *See* Mot. at 11 (noting Singular's 16-month delay in asserting the '616 patent).

Singular's fear of "evidence being lost during a stay" of such a short duration is equally unfounded. Opp. at 10 n.7. Any "fear of stale evidence is mitigated by the obligation to preserve

---

raised in *Telebrands* are particularly acute here.

[5] A close relationship—for the purposes of a stay—does not "require[] that the issues in the IPR be identical to those in the litigation," as long as there is a likelihood that the issues may be simplified. *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-CV-1107 (GMS), 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014).

evidence." *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc*., No. 12-CV-1107
(GMS), 2014 WL 1369721, at *4 (D. Del. Apr. 7, 2014). Moreover, Singular seeks only money
damages and a permanent injunction, *see* First Amended Compl. at 61, which further confirms it
will suffer no undue prejudice.[6] *See Aplix*, 137 F. Supp. 3d at 6 (finding no undue prejudice from
a stay because patentee "will still be able to seek [a permanent] injunction, as well as monetary
damages with prejudgment interest," after stay).

Finally, the Court should disregard Singular's arguments regarding the merits of its
complaint or about Google's resources, which are irrelevant to the Court's inquiry here. Singular
has never alleged or provided any reason to believe that it competes with Google, in either
*Singular I* or *Singular II*. Mot. at 10-11. Singular's suggestion to the contrary is nothing more
than attorney argument, *see* Opp. at 7, and in any event undercut by Dr. Bates's sworn testimony
that he has tried, and failed, to commercialize his purported invention for more than a decade.
*See Singular I*, ECF No. 201 at 14; ECF No. 201-1; ECF No. 203 at 10-11 & n.10. Accordingly,
this factor, too, weighs in favor of a stay.

## II.     CONCLUSION

For the foregoing reasons, Google respectfully requests that its motion to stay be granted.

---

[6] Singular's reliance on *Solas OLED Ltd. v. Samsung Display Co. Ltd.*, No. 2:21-cv-104-JRG,
Dkt. No. 75 (E.D. Tex. Feb. 22, 2022) is misplaced.  In *Solas,* the defendant sought a stay based
on the institution of an *ex parte* reexamination, which can take many years to resolve.  Here,
Google requests a very brief stay.

Respectfully submitted,

Dated:  March 21, 2022

By:     */s/ Nathan R. Speed*
        Gregory F. Corbett (BBO #646394)
        gregory.corbett@wolfgreenfield.com
        Nathan R. Speed (BBO # 670249)
        nathan.speed@wolfgreenfield.com
        Elizabeth A. DiMarco (BBO #681921)
        elizabeth.dimarco@wolfgreenfield.com
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, MA 02210
        Telephone: (617) 646-8000
        Fax: (617) 646-8646

        Asim Bhansali (*pro hac vice*)
        abhansali@kblfirm.com
        KWUN BHANSALI LAZARUS LLP
        555 Montgomery Street, Suite 750
        San Francisco, CA 94111

        Michelle Ybarra (*pro hac vice*)
        mybarra@keker.com
        KEKER, VAN NEST & PETERS LLP
        633 Battery Street
        San Francisco, CA 94111-1809

        *Attorneys for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

        I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.


Dated: March 21, 2022                         _/s/ Nathan R. Speed_
                                             Nathan R. Speed