# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　　Defendant. | Civil Action No. 1:21-cv-12110 FDS<br><br>Hon. F. Dennis Saylor IV |

## [STIPULATED] ORDER RE: DISCOVERY CROSS-USE

　　WHEREAS, on December 22, 2021, Plaintiff Singular Computing LLC ("Singular") filed this above-captioned action, *Singular Computing LLC v. Google LLC*, No. 1:21-cv-12110 FDS (D. Mass.) ("*Singular II*"), against Defendant Google LLC ("Google").

　　WHEREAS, Singular and Google are parties to a separate, earlier-filed action before this Court, captioned *Singular Computing LLC v. Google LLC*, No. 1:19-cv-12551 FDS (D. Mass.) ("*Singular I*").

　　WHEREAS, on September 16, 2020, the Court entered the Stipulated Protective Order in *Singular I*, *see* ECF No. 87.

　　WHEREAS, the *Singular I* Stipulated Protective Order provides that the discovery materials designated under that order (hereafter, "Protected Materials") shall be used solely for the purposes of litigating *Singular I* and any related appellate proceeding and shall not be used for any other purpose whatsoever, including without limitation any other litigation, *see* ECF No. 87 at § 5(a).

　　WHEREAS, the *Singular I* Stipulated Protective Order further provides that the terms of the order are subject to modification and/or further orders by the Court, *see* ECF No. 87 at § 21(j).

1846392

WHEREAS, in the interests of avoiding duplicative discovery and reducing burdens on the parties and the Court, the parties agree that the Court should order that Protected Materials produced or provided in *Singular I* may be used in this action, subject to the terms of the *Singular I* Protective Order governing access to and use of Protected Material, which shall be treated as applicable in *Singular II* until a separate protective order is entered in *Singular II*.

NOW, THEREFORE, subject to the Court's approval, the parties agree and stipulate as follows:

Notwithstanding § 21(j) of the *Singular I* Protective Order, the parties are permitted to use in this *Singular II* action "Protected Materials" produced or provided in *Singular I*–including but not limited to document productions, interrogatory responses, and deposition testimony–for the purposes of litigating the *Singular II* action and any related appellate proceedings pursuant to the protections provided in the *Singular I* Protective Order. The terms of the *Singular I* Protective Order shall otherwise remain in full force and effect absent further order of the Court.

Singular and Google further agree that this Stipulation will not preclude the parties from seeking additional discovery, including but not limited to depositions of witnesses who were previously deposed in the *Singular I* case. Notwithstanding the foregoing, the parties may seek to quash or limit discovery in *Singular II* on the basis that it is duplicative of discovery completed in *Singular I*.

**IT IS SO STIPULATED**, through Counsel of Record.

**IT IS ORDERED and SIGNED this __ day of _____, 2022.**

                                                                  _____
                                                                  F. DENNIS SAYLOR IV
                                                                  Chief Judge, United States District Court

1846392